JAMES MCCLELLAN,

                Petitioner,

vs.                        Case No. 2:06-cv-418-FtM-29SPC

SECRETARY, DEPARTMENT OF
CORRECTIONS; ATTORNEY GENERAL, STATE
OF FLORIDA,

                Respondents.

_____

## OPINION AND ORDER

### I. Status

Petitioner James McClellan (hereinafter "Petitioner" or "McClellan") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) and Memorandum (Doc. #2, Memorandum) pursuant to 28 U.S.C. § 2254 on August 15, 2006.[1] Attached to the Memorandum are exhibits (Doc. #2-1, Exhs. A-C) of portions of Petitioner's post-conviction records. Respondent filed a Response (Doc. #12, Response) on February 21, 2007. Respondent attached as exhibits Petitioner's post-conviction records. Petitioner then filed a "Traverse to Respondents' Response" (Doc. #14, Reply). This matter is ripe for review.

_____

[1] The Petition was docketed and filed with the Court on August 28, 2006, 2006; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

## II.  Procedural History And Statute of Limitations

Respondent argues that the instant federal Petition is time-barred.  Response at 8-13.  The Court will therefore discuss both the statute of limitations issues and the procedural history of the case.

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  The AEDPA imposes a one-year statute of limitations for filing a § 2254 petition challenging a state court judgment.  28 U.S.C. § 2244(d)(1).  When Respondent asserts that a petition is time-barred, the Court must determine whether the petition was filed within that one-year period.  This requires the Court to determine when the statute of limitation begins; whether the running of the statute of limitations is tolled either by statutory provisions or by equitable tolling; when the § 2254 petition was filed; and whether more or less than one year of untolled time has expired by the date of filing.

### A.  Trial Court Proceedings

Petitioner was charged with three separate counts of strong-arm robbery (Case Nos. 99-3346CF, 99-3347CF, 99-3385CF) in the Twentieth Judicial Circuit, Lee County, Florida.  Petition at 1; Response at 1-2; Exh 38, Vol. I, pp. 3-11.  On October 11, 2000,

Petitioner entered a *nolo contendere* plea to all three charges. The court accepted the plea and withheld adjudication pending sentencing. Exh. 38, Vol. I, pp. 24-26; Vol. III, pp. 108-109. On December 11, 2000, the court adjudicated Petitioner guilty and sentenced him as a habitual violent felony offender to fifteen years imprisonment on each robbery count, with ten year mandatory terms, all concurrent. Exh. 38, Vol. I, pp. 38-41, 53; Vol. II, pp. 64-81.

## B. Direct Appeal

Petitioner filed a timely direct appeal with the Second District Court of Appeals. Exh. 38, Vol. II, p. 85. On June 14, 2001, appointed appellate counsel for Petitioner filed an Anders[2] brief, raising two issues: (1) whether the plea was voluntarily entered; and (2) whether the trial court abused its discretion in sentencing Petitioner as a habitual violent felony offender in accordance with § 775.084, Fla. Stat. (1999). Exh. 1. The State filed its answer brief. Exh. 3. On December 21, 2001, the Second District Court of Appeals *per curiam* affirmed Petitioner's judgment and sentence without opinion or citations. Exh. 4. Mandate issued on January 22, 2002. Exh. 5.

## C. Statute of Limitations Beginning Date: State Final Judgment

The one-year statute of limitations for filing a § 2254 petition begins to run on the latest of several triggering dates.

---

[2]Anders v. California, 386 U.S. 738 (1967).

28 U.S.C. § 2244(d)(1)(A)-(D); McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009). The only relevant date in this case is "the date on which the judgment became final by the conclusion of direct review . . ." 28 U.S.C. § 2244(d)(1)(A). A judgment of conviction becomes final when "the Supreme Court has had an opportunity to review the case or the time for seeking review has expired." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). A state prisoner's conviction thus becomes final when the United States Supreme Court (1) denies *certiorari*, or (2) issues a decision on the merits after granting *certiorari*, or, (3) if no *certiorari* petition is filed, when the ninety day period in which to file for *certiorari* expires, regardless of whether the defendant raised any federal issues on direct appeal. McCloud, 560 F.3d at 1227; Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). The 90 days begins after the appellate court's entry of judgment on direct appeal, rather than after the mandate is issued. Chavers v. Sec'y Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).

Here, Petitioner's convictions and sentences were *per curiam* affirmed without opinion or citations by the Second District Court of Appeals on December 21, 2001.[3] Petitioner's conviction became

---

[3]In Florida, direct review of a criminal case includes seeking discretionary review by the Florida Supreme Court if that court has jurisdiction to entertain such review. Mullins v. State, 974 So. 2d 1135, 1136-38 (Fla. 3rd DCA 2008). The Florida Supreme Court does not have jurisdiction to review a *per curiam* affirmance without opinion, Grate v. State, 750 So. 2d 625, 626 (Fla. 1999);
(continued...)

final 90 days thereafter, on **March 21, 2002**. <u>Nix v. Sec'y for the Dep't of Corr.</u>, 393 F.3d 1235, 1237 (11th Cir. 2004)(conviction final 90 days after Florida District Court of Appeals affirms conviction because defendant could have sought review in Supreme Court of the United States without first seeking review in Supreme Court of Florida.) The statute of limitations began to run the next day - **March 22, 2002**. <u>Wainwright v. Sec'y, Dep't of Corrs.</u>, 537 F.3d 1282, 1283-84 (11th Cir. 2007). Therefore, unless the time period was tolled, petitioner's federal habeas petition had to be filed by **March 22, 2003**. <u>Wainwright</u>, 537 F.3d at 1284; <u>Downs v. McNeil</u>, 520 F.3d 1311, 1317-18 (11th Cir. 2008)(applying "anniversary method" to determine expiration of limitations period, citing <u>Ferreira v. Sec'y, Dep't. Of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

## D. **Statutory Tolling**

Once triggered, the limitations period is tolled pending resolution of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by,

---

³(...continued)
<u>Jenkins v. State</u>, 385 So. 2d 1356, 1359 (Fla. 1980), or a *per curiam* affirmance with citations to cases not pending review by the Florida Supreme Court. <u>Persaud v. State</u>, 838 So. 2d 529, 531-33 (Fla. 2003). The Florida Supreme Court does have jurisdiction if the citations include a case pending review by that court. <u>Mullins</u>, 974 So. 2d at 1135.

the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is "properly filed" when

> its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be pending, but not properly filed.

Artuz, 531 U.S. at 8, 9. See also Gorby v. McNeil, 530 F.3d 1363, 1366 (11th Cir. 2008). Jurisdiction is a condition of filing, so that an application will not be properly filed if the court later determines it lacked jurisdiction to hear the application. Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005).

An application is "pending" for as long as it takes to complete the ordinary state collateral review process. "In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002). Thus, an application is "pending" during the interval between the time a lower state court reaches an adverse decision, and the day the prisoner timely files an appeal, provided filing the appeal was timely under state law. Carey, 536 U.S. at 219-21; Evans v. Chavis, 546 U.S. 189, 192 (2006). A timely post-conviction motion remains pending until the time to file an appeal has expired (30 days in Florida), even if defendant does not seek appellate review.

Cramer v. Sec'y Dep't Corrs., 461 F.3d 1380, 1383-84 (11th Cir. 2006)("an appeal is part of the state collateral review process, and a claim remains pending until the completion of the process,. . .") See also Nix, 393 F.3d at 1237.  If an appeal is filed, the application remains pending until issuance of the mandate by the appellate court.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ousley, 269 Fed. Appx. at 886.

An untimely petition, on the other hand, is not "properly filed," whether or not the untimeliness is jurisdictional.  Artuz, 531 U.S. at 8; Pace, 544 U.S. at 414-15; Allen v. Siebert, 552 U.S. 3, 128 S.Ct. 2, 4-5 (2007).  When a postconviction petition is dismissed in whole or in part because it is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).  Carey v. Saffold, 536 U.S. 214, 226 (2002).  Where a petition for state post-conviction relief has been rejected as untimely by the state courts, it is not "properly filed" under § 2244(d)(2), and therefore the statute of limitations is not tolled. Allen, 128 S.Ct. at 4-5.

The statute of limitations is tolled, however, only while the state courts review the application.  Therefore, an application is not tolled during the time period in which a petitioner may file a petition for certiorari or while the United States Supreme Court considers such a petition.  Lawrence, 549 U.S. at 331-32.

**(1)  First Rule 3.800(a) Motion**

On February 26, 2002,[4] Petitioner filed a "motion to correct illegal sentence" pursuant to Rule 3.800(a), Florida Rule of Criminal Procedure. Exh. 6. Petitioner raised two issues: (1) trial court abused its discretion in sentencing Petitioner as a violent habitual felony offender; and (2) trial court abused its discretion in failing to orally pronounce adjudication of guilt. Exh. 6. The post-conviction trial court summarily denied the motion on March 14, 2002. Exh. 7.

The Second District Court of Appeals reversed and remanded to the trial court on both claims in a written opinion. Exh. 8; McClellan v. State, 819 So. 2d 946 (Fla. 2d DCA 2002). The appellate court ruled that the post-conviction court was incorrect when ruling that Petitioner should have raised the issue of sentencing as a habitual felony offender on direct appeal, since this issue was cognizable in a Rule 3.800(a) motion. Id. With regard to the second claim, the appellate court noted that the transcript was incomplete, so it could not decipher whether the trial court's adjudication of guilt had been withheld at sentencing. Id. The appellate court remanded the matter for the trial court to determine whether adjudication was withheld when the sentence was imposed, and, if so, to re-sentence Petitioner in

---

[4]Petitioner has been given the benefit of the Florida "mailbox rule" as to the filing dates. Haag v. State, 591 So. 2d 614 (Fla. 1992).

accordance with the opinion.  <u>Id.</u>  Mandate issued July 25, 2002.
Exh. 9.

On remand to the trial court, the State filed a response and
attached relevant exhibits of Petitioner's plea and subsequent
sentencing hearing.  Exh. 10.  The State responded:

> The plea and transcript of the plea proceedings both
> reflect that all parties anticipated the State would
> establish that Defendant had the requisite predicate
> conviction required by section 775.084, Florida Statutes
> to qualify as a habitual violent felony offender.
> (Exhibits A-E)[.] Adjudication of guilt was withheld at
> the time of plea, pending sentencing. (Exhibits A-H)[.]
> At sentencing the State presented evidence that Defendant
> had been adjudicated guilty of robbery in the Circuit
> Court of Lee County, Florida on April 30, 1999 in cases
> 98-3850CF and 98-3886CF.  (Exhibits I-L)[.] Based on this
> evidence, Defendant was found to meet the statutory
> criteria to be sentenced as a habitual violent felony
> offender.  The record also reflects that adjudication of
> guilt was imposed at the time of sentencing in all of the
> above-styled cases.  Exhibits I-R.

Exh. 10.  The postconviction trial court adopted the State's
response and denied Petitioner's motion on October 2, 2002.  Exh.
11.

Petitioner appealed the postconviction trial court's decision.
On April 30, 2003, the Second District Court of Appeals *per curiam*
affirmed without opinion or citations.  Exh. 12.  Mandate issued on
July 3, 2003.  Exh. 13.

The Rule 3.800(a) motion was properly filed on February 26,
2002.  Under Florida law, a Rule 3.800(a) may be filed at anytime,
and successive motions are allowed.  <u>Moss v. State</u>, 9 So. 3d 674,
675 (Fla. 3rd DCA 2009).  A Rule 3.800(a) motion is a "State post-

conviction or other collateral review" within the meaning of §
2244(d)(2).  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1295
(11th Cir. 2008).  Since the motion was properly filed prior to the
date Petitioner's conviction became final for § 2254 purposes, no
time ran on the statute of limitations.  The time was tolled until
the July 3, 2004, mandate issued.  Therefore the § 2254 statute of
limitations began running on **July 4, 2003**.  Wainwright, 537 F.3d at
1284; Brown v. Sec'y Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir.
2008).

**(2)  State Court Petition for Writ of Habeas Corpus**

On July 29, 2003, Petitioner filed a petition for writ of
habeas corpus in the Florida Supreme Court.  Exh. 14.  Petitioner
argued that his "sentence of incarceration is illegal due to the
trial court's withholding adjudication of guilt" and that he did
not qualify as a habitual violent felony offender.  Exh. 14 at 3,
5.  Petitioner also argued that the appellate court's later opinion
*per curiam* affirming the trial court's opinion was inconsistent to
its earlier ruling on June 26, 2002.  Id. at 8.  On October 16,
2003, the Florida Supreme Court dismissed the petition, citing
Grate v. State, 750 So. 2d 625, 626 (Fla. 1999)(Florida Supreme
Court lacked jurisdiction to review per curiam affirmance without
opinion).  Exh. 15.

The state habeas petition does not toll the statute of
limitations.  The Florida Supreme Court's citation to Grate

establishes that it did not have jurisdiction over the petition for writ of habeas corpus. Therefore the petition was not a "properly filed" and the statute of limitations was not tolled. <u>Artuz</u>, 531 U.S. at 8; <u>Pace</u>, 544 U.S. at 414-15; <u>Allen</u>, 128 S. Ct. at 4-5. Thus, **129 days** of untolled time elapsed between July 4, 2003, and Petitioner's second Rule 3.800 motion.

### (3) Second Rule 3.800 Motion

On November 10, 2003, Petitioner filed another "motion to correct illegal sentence" and supporting memorandum pursuant to Rule 3.800(a), Fla. R. Crim. P. Exh. 16. For the same reasons discussed above, this was a properly filed motion and tolls the statute of limitations while it is pending. Petitioner raised one ground: the trial court erred when sentencing him as a habitual violent offender because the statute under which he was sentenced was declared unconstitutional. <u>Id.</u> The State filed a Response on December 15, 2003. Exh. 17. On January 27, 2004, the postconviction trial court entered an order summarily denying Petitioner's motion and incorporating the State's Response. Exh. 18.

Petitioner appealed the decision. On May 21, 2004, the Second District Court of Appeals entered a *per curiam* opinion with citations affirming the trial court's decision. Exh. 19. The appellate court, however, certified conflict to the Florida Supreme Court. <u>Id.</u> Mandate was issued on June 14, 2004. Exh. 20.

On June 23, 2004, Petitioner filed a Notice to Invoke Discretionary Jurisdiction in the Florida Supreme Court. Exh. 21. On July 28, 2004, the Florida Supreme Court ruled that Petitioner's petition was untimely, and dismissed the case subject to reinstatement upon proper motion establishing timeliness. Exh. 22. On August 4, 2004, Petitioner filed a motion to reinstate (Exh. 23), which the Florida Supreme Court denied on January 6, 2005. Exh. 24.

The proceedings on Petitioner's second Rule 3.800(a) motion became final upon issuance of the mandate on June 14, 2004. Thus, the time was tolled from the November 10, 2003, filing through June 14, 2004. The time was not tolled thereafter because the Florida Supreme Court found Petitioner's notice to have been untimely and dismissed proceedings before it. Therefore, the **63 days** between the June 15, 2004, (the day after the mandate) and the day before Petitioner's August 17, 2004, third Rule 3.800 motion was not tolled.

### (4) Third Rule 3.800(a) Motion

Petitioner filed a third "motion to correct illegal sentence" on August 17, 2004. Exh. 25. For the same reasons discussed above, this was a properly filed motion and tolls the statute of limitations while it is pending. Petitioner argued that the trial court illegally sentenced him to 15 years pursuant to a Presentence Investigation Report. Id. The trial court denied the motion on

November 10, 2004. Exh. 26. The court noted that "[t]he scoresheet prepared by the State shows that the minimum sentenced was 50.5 months and the maximum was 45 years. The [Petitioner's] 15 year sentence is plainly legal under this scoresheet." Id.

Petitioner appealed the trial court's denial, but on March 30, 2005, the Second District Court of Appeals issued a *per curiam* affirmance with citations, although none of the cited cases were pending review in the Florida Supreme Court. Exh. 27. Mandate issued on April 28, 2005. Exh. 28. Thus, the time was tolled from August 17, 2004, through April 28, 2005. Because Petitioner filed a fourth Rule 3.800(a) motion while the third motion was pending, no time ran on the statutes of limitations.

**(5) Fourth Rule 3.800(a) Motion**

On January 10, 2005, Petitioner filed his fourth Rule 3.800(a) motion to correct illegal sentence. Exh. 29. For the same reasons discussed above, this was a properly filed motion and tolls the statute of limitations while it is pending. Petitioner argued that the State did not properly notify him in advance of the its intent to sentence Petitioner under the habitual violent felony offender statute. Id. at 2. On April 1, 2005, the trial court summarily denied Petitioner's motion, citing Washington v. State, 30 Fla. L. Weekly D391 (Fla. 4th DCA 2005). Exh. 30.

Petitioner appealed the order. On August 31, 2005, the Second District Court of Appeals entered a *per curiam* affirmance with

citations, although none of the cited cases were pending review in the Florida Supreme Court. Exh. 31. Mandate issued on September 22, 2005. Exh. 32. Therefore, the statute of limitations was tolled through September 22, 2005.

**(6) Petition for Writ of Mandamus**

On September 8, 2005, Petitioner filed a petition for writ of mandamus in the Second District Court of Appeals seeking to compel the circuit court to follow the appellate court's 2002 mandate. Exh. 33. The State filed a Response explaining that the trial court had already complied with the appellate court's 2002 mandate and the trial court's October 2, 2003 order denying the motion to correct sentence after remand was affirmed. Exh. 34. In pertinent part, the State responded:

> The instant Petition for Writ of Mandamus should be denied because the trial court followed this Court's instructions in <u>McClellan v. State</u>, 849 So.2d 307 (Fla. 2d DCA 2003), when it issued its order dated October 2, 2003, and this Court affirmed said order pursuant to <u>McClellan v. State</u>, 849 So.2d 307 (Fla. 2d DCA 2003). Therefore, there is no further duty which the trial court needs to perform.

<u>Id.</u> at 2-3. On November 9, 2005, the Second District Court of Appeals denied Petitioner's petition for writ of mandamus without opinion. Exh. 35. Petitioner filed a motion for rehearing, which the appellate court denied on December 21, 2005.

On January 20, 2006, Petitioner sought discretionary review in the Florida Supreme Court. Exh. 36. On March 3, 2006, the Florida

Supreme Court dismissed the case for lack of jurisdiction. Exh. 37.

Petitioner's petition for writ of mandamus did not toll the statute of limitations because it was not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). "[A] state court motion is not an application for State post-conviction or other collateral review for purposes of § 2244(d)(2) *unless it attacks the legality of the sentence*." <u>Davis v. Barrow</u>, 540 F.3d 1323, 1324 (11th Cir. 2008)(citing <u>Alexander v. Sec'y, Dep't of Corrs.</u>, 523 F.3d 1291, 1297-98 (11th Cir.2008))(emphasis in original). Petitioner filed the petition for mandamus[5] to compel the trial court to comply with the appellate court's previous order. The mandamus petition was not a new challenge to Petitioner's conviction and sentence. Accordingly, Petitioner's petition for writ of mandamus cannot toll the limitations period. <u>See</u> <u>Moore v. Cain</u>, 298 F.3d 361, 366-67 (5th Cir. 2002)(finding a state prisoner's application to Louisiana Supreme Court for writ of mandamus, which requested that the trial court be directed to rule on prisoner's state habeas petition, was not an "application for collateral review" with respect to prisoner's conviction, and therefore, mandamus application did not toll federal habeas statute of limitations). Therefore, the **327**

---

[5]In Florida, "[m]andamus is a narrow, extraordinary writ used to coerce an official to perform a clear legal duty." <u>Sica v. Singletary</u>, 714 So.2d 1111, 1112 (Fla. 2d DCA 1998).

**days** from the day after the September 22, 2005, mandate for the fourth Rule 3.800(a) motion through the August 15, 2006, filing of the § 2254 petition are not tolled.

Alternatively, even if the mandamus can be considered a qualifying application, the request for review by the Florida Supreme Court was not properly filed because the Florida Supreme Court held it lacked jurisdiction and dismissed the petition. As discussed earlier, dismissal for lack of jurisdiction precludes an application from being properly filed. See also Reed v. Crosby, No. 8:04-cv-cv273, 2005 WL 1862715 (M.D. Fla. Aug. 4, 2005)(federal habeas limitations period not tolled during time in which Petitioner "improperly sought review in Florida Supreme Court" of state district court's per curiam denial of his state habeas petition); Bismark v. Crosby, 2005 WL 1051435 (M.D. Fla. Mar. 31, 2005)(petitioner's unsuccessful attempt to invoke discretionary review of Florida Supreme Court to review appellate court's per curiam affirming denial of postconviction relief had no tolling effect on the federal limitations period because such relief is not available under Florida law), affirmed, Bismark v. Sec'y Dep't of Corr., 171 Fed. Appx. 278, 280 (11th Cir. 2006). Under this alternative, the **236 days** from December 22, 2005, through August 15, 2006 would be untolled.

**E. Equitable Tolling/Actual Innocence/Fundamental Miscarriage**

The Supreme Court has not yet decided whether the AEDPA's statute of limitations permits equitable tolling, but has assumed that it does where the parties agree it is available. See Lawrence, 549 U.S. at 336. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The Eleventh Circuit has emphasized that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008) (per curiam).

Petitioner does not articulate any justifiable reason to apply the doctrine of equitable tolling to the Petition. Rather, he simply argues that "it would be a fundamental miscarriage of justice if the court refuses to consider the petition." See generally Reply. Petitioner therefore has not satisfied the equitable tolling requirements.

The issue raised in the Petition is that Petitioner is actually innocent because he was not orally adjudicated guilty. Reading Petitioner's pleadings liberally, he asserts that because he is actually innocent (since the state judge did not orally adjudicate his guilt), a fundamental miscarriage of justice will occur if the Court does not consider his petition even though it may be untimely. "Neither the Supreme Court nor this Court has

ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. See <u>Johnson v. Florida Dep't of Corr.</u>, 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence." <u>Melson v. Allen</u>, 548 F.3d 993, 1002 (11th Cir. 2008).

Petitioner has shown neither actual innocence or a fundamental miscarriage of justice even if there was no oral adjudication of guilt. "The lack of an oral adjudication of guilt does not affect the validity of a written judgment of guilt that is properly rendered." <u>Brantley v. State</u>, ___ So. 3d ___, 2009 WL 1975961, *1 (Fla. 2d DCA July 10, 2009)(citations omitted). Similarly, any ambiguity in the oral pronouncement of sentence can be clarified in a subsequent written order. <u>Chapman v. State</u>, ___ So. 3d ___, 2009 WL 2338050, *2 (Fla. 5th DCA July 31, 2009). Accordingly, there is no equitable or other basis to toll the statute of limitations.

**F.  § 2254 Filing Date**

A *pro se* petitioner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing, and absent state-presented evidence to the contrary, the Court will presume that the petition was delivered on the date the petition was signed.  <u>McCloud</u>, 560 F.3d at 1227; <u>Taylor v.</u>

<u>Williams</u>, 528 F.3d 847, 849 n.3 (11th Cir. 2008).  The Petition was signed on August 15, 2006, and there is no evidence that it was not delivered to prison authorities for mailing that date.  Therefore, the Petition is deemed filed on **August 15, 2006**.

**G.  Statute of Limitations Expired Prior to Filing § 2254**

For the reasons stated above, Petitioner's conviction became final on March 21, 2002, and the statute of limitations would begin to run the next day.  However, prior to that date, Petitioner had filed his first motion pursuant to Rule 3.800(a), which tolled the statute of limitations through July 3, 2003.  The statute of limitations was untolled for the 129 days between July 4 and November 9, 2003.  Tolling resumed on November 10, 2003, and continued through the June 14, 2004 mandate issued in connection with Petitioner's second Rule 3.800(a) motion.  The statute of limitations was untolled for the 63 days between June 15 and August 16, 2004.  Petitioners third and fourth Rule 3.800(a) motions tolled the statute of limitations from August 17, 2004, through September 22, 2005.  Since the petition for a writ of mandamus was not a qualifying motion, the time was not tolled again, and 327 days were untolled.  Alternatively, if the petition for a writ of mandamus was a qualifying motion, the statute of limitations was tolled through denial of rehearing by the Second District Court of Appeals on December 21, 2005, but not thereafter, and 236 days were untolled.  Either way, when added to the prior 129 and 63 untolled

days, the number of untolled days is still far beyond the one year statute of limitations period.  Therefore, the § 2254 petition will be dismissed as untimely.

**III.**

Alternatively, the Court finds Petitioner's the sole ground of relief in the federal petition *sub judice* is meritless.  Petitioner argues that his sentence does not comport with Florida Rule of Criminal Procedure 3.670, and, as such is a violation of the Eighth Amendment of the United States Constitution.  Petition at 1. Petitioner argues "[s]ince the trial court withheld adjudication of guilt at the plea hearing and did not adjudicate the Petitioner guilty at the sentencing hearing, in coompliance with Florida Rules of Criminal Procedure 3.670, the Petitioner was not supposed [sic] to have been sentenced to any term of incarceration."  <u>Id.</u> at 4. Thus, Petitioner submits that he is "actually innocent of incarceration."  <u>Id.</u> at 2, 4.

Petitioner relies on Florida Rule of Criminal Procedure 3.670 in error as it pertains to rendition of judgment.  As <u>Brantley</u> and <u>Chapman</u> make clear, this rule does not require an oral adjudication where there is a written judgment.  The record is clear that on October 11, 2000, Petitioner entered a plea of *nolo contendere* on all charges and the trial court withheld sentencing until preparation of the pre-sentence investigation report.  Exh. 38, Vol. I, pp. 24-27.  The record is also clear that on December 11,

2000, the Court adjudicated Petitioner guilty in a written judgment, found he qualified as a habitual violent felony offender, and sentenced him accordingly. <u>See</u> Vol I, pp. 38-41; Vol. II, pp. 64-81. Thus, Petitioner's argument that the trial court did not adjudicate him as guilty is without merit.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED**, or in the alternative **DENIED**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __6th__ day of August, 2009.


JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record